## St. Louis Southwestern Railway Company of Texas v. Henrietta Johnson.

### Decided April 4, 1908.

**1.—Personal Injuries—Minor—Intelligence—Charge—Burden of Proof.**

In a suit by a minor for damages for personal injuries the court charged the jury as follows: "The plaintiff, being a minor, is not presumed to possess the judgment and discretion of an adult, but it is a question for you, under the evidence, as to what degree of judgment and discretion he had. It was his duty to exercise whatever judgment and discretion he had." Held, not subject to the objection that it put the burden on the defendant to prove that the plaintiff was possessed of sufficient judgment and discretion to be held responsible for his act and chargeable with contributory negligence.

**2.—Same—Master and Servant—Duty of Master to Warn of Danger—Charge.**

In a suit by a minor for damages for personal injuries received while attempting to recover a barrel which was about to roll under a moving train, it was error for the court to charge the jury that the master would be liable if it failed to warn the plaintiff of the danger of such an act, since it did not appear from the evidence that such a contingency could have been anticipated or foreseen, nor that there was time for the defendant to give warning after the plaintiff started to recover the barrel. It was a question for the jury whether or not, under all the circumstances, he should have been warned of the danger of loading and unloading freight from a train, and whether, if he had been warned, he would have attempted to recover the barrel.

**3.—Same—Damages—Future Pain—Charge.**

In the absence of evidence that the plaintiff will suffer future pain from personal injuries received, it is error to charge the jury to consider the same in a suit for personal injuries.

**4.—Same—Minor—Deaf Mute.**

In a suit for personal injuries, the evidence being sufficient to raise the issue whether or not the plaintiff, who was a minor and also a deaf mute, had sufficient intelligence to comprehend the danger in loading and unloading freight from a railroad train, it would have been proper for the court to charge the jury that it was the duty of the defendant to warn the plaintiff of the danger of being about its freight trains, and to have exercised ordinary care to prevent him from assisting in loading and unloading freight, and if the defendant failed to perform this duty, and such failure was negligence and the proximate cause of the injury, the defendant would be liable.

Appeal from the District Court of Navarro County. Tried below before Hon. L. B. Cobb.

*E. B. Perkins, Daniel Upthegrove* and *Frost & Neblett,* for appellant.—The charge of the court complained of is material and reversible error, because it puts the burden on the defendant to prove that the plaintiff, (the minor, George Henderson) was possessed of sufficient judgment and discretion to be held responsible for his act and chargeable with contributory negligence in attempting to prevent the barrel from rolling under the moving train, or in attempting

·to rescue the same from under the train, that is, in doing the act which resulted in his injury. St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 136; Cockrell v. T. & N. O. Ry. Co., 82 S. W., 531; Tucker v. National Loan Assn., 35 Texas Civ. App., 474.

The charge complained of is material and reversible error, because there is no evidence which shows that it was the duty of appellant to have instructed or advised the plaintiff as to the risk and danger involved in the act of attempting to prevent the barrel from going under the moving train, or to remove the same from under the train, the act being one which could not reasonably have been foreseen, and when seen there was no time for advice or instruction. St. Louis S. W. Ry. Co. v. Pope, 98 Texas, 535; Murphy v. Galveston, H. & N. Ry. Co., 16 Texas Ct. Rep., 606; St. Louis S. W. Ry. Co. v. Spivey, 97 Texas, 143; Murphy v. Ry. Co., 16 Texas Ct. Rep., 612; Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 226; Brush Light & Power Co. v. Lefever, 93 Texas, 607; Dullnig v. Duerler Mfg. Co., 87 S. W., 332; McKee v. Chicago, R. I. & P. Ry. Co., 13 L. R. A., 817.

*Richard Mays,* for appellee.—Plaintiff being an employee of defendant, and to its knowledge being a minor and a deaf mute, and without experience and knowledge of the danger of his employment, was not presumed to possess the judgment and discretion of an adult, and in the absence of instructions and warning as to the danger of the services at which the plaintiff was directed to engage, defendant would be liable as a matter of law, unless defendant proved that plaintiff had sufficient knowledge and discretion to know and comprehend the danger, open as well as hidden, involved in his work. Texas & Pac. Ry. Co. v. Brick, 83 Texas, 598; White v. Water Works Co., 9 Texas Civ. App., 470; Missouri, K. & T. Ry. v. Smith, 45 Texas Civ. App., 128; Missouri, K. & T. Ry. Co. v. Evans, 16 Texas Civ. App., 71; Ragley Lumber Co. v. Goldsmith, 66 S. W., 581.

It was a question for the jury to determine as to the judgment and discretion of the plaintiff. The evidence supports the finding of the jury to the effect, that though an employee of defendant, he was not instructed as to the danger and hazard of the service, and that by reason of his age and infirmity he did not have sufficient intelligence and discretion or experience to understand the danger which resulted in his injury. Greenville Cotton Oil Co. v. Harkey, 20 Texas Civ. App., 225; Texas & Pac. Ry. Co. v. Brick, 83 Texas, 602; Waxahachie Cotton Oil Co. v. McLain, 27 Texas Civ. App., 334; Gulf, C. & S. F. Ry. Co. v. Jones, 76 Texas, 350; International & G. N. Ry. Co. v. Hinzie, 82 Texas, 623.

Plaintiff being a minor afflicted with an infirmity, and without experience or discretion in being around and on freight trains while being loaded and unloaded, which was known to defendant, it was the duty of defendant's servants to advise and instruct him with reference to the dangers of his employment, and the failure so to do renders defendant liable. Missouri, K. & T. Ry. v. Smith, 45 Texas

Civ. App., 128; Greenville Cotton Oil Co. v. Harkey, 20 Texas Civ. App., 225; Texas & Pac. Ry. Co. v. Brick, 83 Texas, 598.

Whether the act of plaintiff in undertaking to protect his employers' property from being mashed to pieces by the train if the occasion should arise, and the consequent danger, could have been foreseen and guarded against by the employer, was a question to be determined by the jury under all the circumstances. Bailey, Master & Servant, sec. 3530 et. seq.; 4 Thompson on Neg., sec. 3748; Texas & Pac. Ry. Co. v. Hurless, 1 W. & W., p. 307; Lalor v. Chicago, B. & Q. Ry. Co., 52 Ill., 401.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted on the 21st day of December, 1906, by Henrietta Johnson as the next friend of her minor son, George Henderson, against the St. Louis Southwestern Railway Company of Texas. The object of the suit is to recover damages in the alleged sum of $5,000 for the alleged negligence of said railway company on the 18th day of May, 1906, through which negligence three of the fingers of the minor, George Henderson, were severely mashed by one of the freight trains of appellant coming in contact with a barrel which the said Henderson was attempting to rescue or take from under a moving train. The suit was tried in May, 1907, and resulted in a judgment in favor of the appellee in the sum of $850.

At the time of the accident George Henderson was eighteen years old and a deaf mute. It was claimed that said Henderson was in the employ of the defendant company without the consent of his mother, he having no father; that defendant company failed to instruct him as to the dangers of the employment, and that the agents and servants of the company invited him to engage in employment with the company, and that while engaged in such employment, and while in the discharge of his duty, that a barrel, that was being loaded as freight, fell from the trucks or off the platform and was rolling under the car; that the servants of said defendant company instructed the said Henderson to catch the same, and in performing that duty, not knowing the danger of the act, his hand was caught between the barrel and the car, which was in motion, and the injuries complained of were inflicted.

The defendant, among other defenses, pleaded contributory negligence.

*Opinion.*—1. The trial court, among other matters, instructed the jury as follows: "The plaintiff being a minor is not presumed to possess the judgment and discretion of an adult, but it is a question for you under the evidence as to what degree of judgment and discretion he had. It was his duty to exercise whatever judgment and discretion he possessed."

It is insisted that this charge puts the burden on the defendant to prove that the plaintiff, (the minor, George Henderson) was possessed of sufficient judgment and discretion to be held responsible for his act and chargeable with contributory negligence in attempting to prevent the barrel from rolling under the moving train, or in at-

tempting to rescue the same from under the train, that is, in doing the act which resulted in his injury; and that for this reason the charge is erroneous.

The injury occurred in the town of Dawson. The boy and his mother had lived in the town some ten years, or longer. He was eighteen years old at the time the injury occurred. He was a deaf mute. There is but little controversy as to the manner in which the injury occurred. It seems that one car had been unloaded at Dawson. The train was then moved up about one car's length for the purpose of loading freight into the car from the depot. A lot of empty oil barrels were to be loaded, and the barrels were rolled out of the freight house on to the platform to be put into the car. George Henderson, it seems, assisted in this work. One of the barrels dropped off the platform and rolled towards the car which was in motion, moving about two miles per hour. George Henderson, without instructions or request ran after the barrel and attempted to take it from under the car, and in doing this his left hand was caught between the chime of the barrel and the sill of the moving car, and mashed. Various witnesses testified to the capacity and intelligence of the boy. Prior to his injury he had been around the depot at work. Henrietta Johnson, his mother, says that he has good sense, but not the sense of one that can hear. That he didn't always understand all that he saw. If he saw a train coming a certain way he would understand it and know it was on wheels and the wheels were on rails, and that if he was in the center of the track he would have enough sense to get out of the way. He worked at the oil mill about three days in the spring before he was hurt. His mother objected to his working around the depot.

The fact that George Henderson was a minor did not exempt him from the results of his own negligence if, under the facts, he was negligent in attempting to rescue the barrel from under the train. He had arrived at an age that the law will presume he was capable of exercising *some* judgment and discretion and *some* care for his own safety; and this required of him the exercise of ordinary care. This does not necessarily mean the ordinary and reasonable care required of an adult, but the ordinary and reasonable care which ought to be expected of a person of his age, knowledge, experience and capacity. (1 Thompson's Com. Law, Neg. sec. 308.) George Henderson was eighteen years of age when injured, had attended the deaf and dumb school at Austin, and had learned the deaf and dumb language, and to write. He had worked around the depot for about three months, during which time he had assisted in loading and unloading freight. The law imposed upon him the duty of exercising such care as was reasonably to be expected of a minor of his age, knowledge, experience and capacity.

The charge did not place the burden on defendant to prove that George Henderson was possessed of sufficient judgment and discretion to be held chargeable with contributory negligence. It did instruct the jury that being a minor he is not presumed to possess the judgment and discretion of an adult, and such is the law.

2. In the third paragraph of the charge the jury were instructed

as follows: "If you believe from the evidence that the plaintiff was employed by any authorized agent of defendant to load or unload freight at Dawson, that while so engaged, and as in the line of the employment, he undertook to remove an oil barrel that had rolled or was rolling to or under the car, from under the car, or prevent it going under the car, and consequently got his hand mutilated; and further believe that plaintiff was ignorant of the risk incident to such undertaking, and was by reason of his youth and infirmity incapable of appreciation of such risk, and that defendant's servants neglected to advise or instruct him as to the risk and danger of the act, and that by reason of such neglect the plaintiff committed the said act by which he received his injury, then you should find for the plaintiff."

Complaint is made that this charge is erroneous because it makes, and so instructs the jury, the failure on the part of appellant's servants to instruct the minor, George Henderson, as to the risk and danger of the act of attempting to remove the barrel from under the moving train, or prevent it from going under the car, negligence as a matter of law. If the plaintiff, by reason of his age, inexperience and infirmity, was incapable of appreciating the risk and danger of loading and unloading freight on and from a train, it was the duty of defendant to have warned him of the same, and especially of doing so while the train was in motion, and if it failed to do so and such failure proximately caused his injuries he could recover. The evidence fails to show that such act could have been anticipated or foreseen, and further shows that defendant could not have warned plaintiff after he started to catch the barrel. We do not think defendant was, under the evidence, required to warn plaintiff of the risk and danger of this particular act of attempting to rescue a barrel rolling under a moving train, but if by reason of his youth, inexperience and infirmity he was incapable of appreciating the risk and danger of loading and unloading freight upon and from a train and should have been warned of the same, it was for the jury to determine whether the act of attempting to rescue the barrel was incidental to such duties, and whether if he had been warned of the risk and danger of loading and unloading freight on and from a train on the track, he would have performed the act of attempting to rescue the barrel.

We conclude that this paragraph of the charge was erroneous in requiring the defendant to have warned plaintiff of the risk and danger of the particular act of attempting to rescue the barrel.

3. The court's charge on the measure of damages is complained of as erroneous. The paragraph complained of is as follows: "If you find for plaintiff you will allow him such sum as you believe he ought to have for the pain and suffering resulting and to result from his wound, and for the loss in capacity to earn money from and after the attainment of his majority by reason of the injury to his hand as you find from the evidence, and pecuniary loss, if any, in the deprivation, if any, of the use of his fingers in talking in the deaf and dumb code."

It is contended that this charge is erroneous in that, it instructs

the jury to allow the plaintiff damages for future pain and suffering, when there is no evidence in the record which shows there will be any pain or suffering in the future resulting from the wound. This contention must be sustained. The evidence is that at the end of two months the wound to plaintiff's hand had entirely healed. There is no evidence tending to show that the injuries to the fingers and hand will produce future pain and suffering. The charge authorizes a recovery for pain and suffering to result from the wound. This was error.

One of the controverted issues upon the trial was, whether George Henderson, when injured, was in the employ of appellant. The evidence was conflicting on the issue. In this condition of the evidence the plaintiff requested a special charge as follows: "Gentlemen of the Jury: You are charged that if you believe that the said George, was not employed at the time by defendant, but that the employes of defendant, allowed and permitted said George to be in and remain around the depot and engage in work for defendant, and permitted him to be upon the trains of said defendant, and upon the freight train at the time he was hurt, and knew of the infirmities of the said George, and that he was inexperienced and unaware of the danger connected with said service, then it was the duty of said employes to prevent said George from engaging in said service, and from being around said freight train, and for the failure so to do, if the proximate cause of said George's injuries, the plaintiffs would be entitled to recover."

The court refused the charge and appellee has cross-assigned error to his action, and asks that the same be passed upon, in the event we reverse the judgment. The plaintiff was a minor and deaf mute, and there is evidence sufficient to raise the issue that he was so lacking in judgment, knowledge and experience that he did not comprehend the danger in loading and unloading freight and being around a moving train, and that the defendants' agent at Dawson was aware of these facts. If these facts are true and defendant failed to warn him of the danger and permitted him to engage in the work of loading and unloading freight upon and from its trains, then it was the duty of defendant to exercise ordinary care to prevent him from doing so, and if it failed in this respect, and such failure was negligence, and plaintiff was injured as the proximate result of such negligence, we think he could recover. In such case, however, the plaintiff would be chargeable with contributory negligence if he failed to exercise such care for his safety as was reasonably to be expected of a minor of his age, capacity and experience. It would have been proper to have given a charge submitting this phase of the case.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*